# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DORU GABRIEL TRIFU,** | 1:15-cv-01114-LJO-MJS (HC) |
| **Petitioner,** | |
| v. | **REQUEST FOR RESPONDENT TO PROVIDE SUPPLEMENTAL BRIEFING** |
| **CRAIG APKER, Warden,** | |
| **Respondent.** | |

In reviewing the pending Findings and Recommendations, the Court requires supplemental briefing from Respondent concerning the scope of the BOP's authority over Petitioner's IFRP plan.

It appears from the record that no BOP "staff", as defined in 28 C.F.R. § 500.1(b), has reviewed Petitioner's IFRP plan. On August 24, 2014, despite entering into an IFRP contract, Petitioner requested that TCI stop deducting money from his account. ECF No. 12-1 (Declaration of Dale Patrick), Ex. D. TCI responded on August 27, 2014, stating that Petitioner's financial obligation was determined based on the IFRP policy, MTC policy 4B2, and BOP Program Statement 5380.08. *Id.*, Ex. E. Petitioner subsequently sent a Request for Administrative Remedy, stating that "MTC's employees cannot lawfully use the IFRP to collect payments from me because privately run prison[sic] [MTC] may not schedule or set it's [sic] own payment plan absent direct court judgment and commitment schedule set by the district court at sentencing that was 'due immediately." *Id.*, Ex. F. On September 4, 2014, TCI responded, stating as follows:

1

In *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), the Ninth Circuit held that where the sentencing court has failed to consider whether the defendant has the financial resources to pay restitution immediately, ordering immediate payment impermissibly delegates to the BOP the court's obligation to set a payment schedule. However, it appears you have misread your J&C and the Ninth Circuit decision in *Ward v. Chavez*. *Ward v. Chavez* dealt specifically with restitution orders and only restitution orders. Special assessments (felony assessments), Fines and court costs, and State or local court obligations are not included in the *Ward v. Chavez* ruling. Any court imposed obligation in one or more of the aforementioned areas will be handled by staff in accordance with the provisions set forth in Program Statement 5308.08, and TCI Policy 4–B–2.

Therefore, staff will continue to monitor your progress in meeting your court imposed financial obligation with regards to your $3,300.00 felony assessment. However, staff will not collect any part of your $562,239.78 restitution as the sentencing court specifically set the schedule for payment of the restitution to begin 30 days after placement on supervised release in the amount of $300.00 per month.

The Ninth Circuit has held that the Bureau of Prison's operation of the IFRP does not constitute an unlawful delegation of authority and that an inmate's participation in the IFRP is voluntary even though he may be denied certain privileges if he refuses to join the program. *See United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008).

Based on the above, there is no basis for granting relief and your request is denied. If you are dissatisfied with this response, you may appeal to the Administrator, Privatization Management Branch, Federal Bureau of Prisons, Building 400, 320 First St., NW, Washington DC 20534 on a BP-230 form, in accordance with Policy. Your appeal must be received by the Administrator, Privatization Management Branch within thirty (3) calendar days of the date of the response, which includes mail time. However, only those issues considered BOP issues will be accepted.

*Id.*, Ex. G.

On August 29, 2014, Petitioner filed an appeal to the BOP's Privatization Management Branch Administrator, therein asserting that MTC employees were not permitted to use the IFRP to collect payments from him because MTC is a privately run prison. ECF No. 1 at 17.[1]

On October 9, 2014, the Administrative Remedy Coordinator, Privatization Management Branch, sent Petitioner a rejection notice, stating: "This issue is not appealable to the BOP. You must use the grievance procedures at the facility. You may appeal this rejection to the Central Office." ECF No. 1 at 16.

---

[1] Pincites refer to CM/ECF pagination located at the top of each page.

On October 28, 2014, Petitioner filed a Central Office Administrative Remedy Appeal. ECF No. 1 at 19. Therein, he stated "this appeal focuses in the ultimate fallacy of a rejection notice issued by PMB Administrator in its response that 'this issue is not appealable to the BOP.' The PMB's Administrator Position is foreclosed by the Ninth Circuit's recent published decision in *Ward v. Chavez* … MTC staffers have not provided any evidence that the sentencing court here has produced a schedule for him … because the sentencing court did not provide a schedule, MTC staffers lack authority to collect restitution payments." *Id.*

On December 18, 2014, the Administrative Remedy Coordinator, Central Office, sent Petitioner a rejection notice, stating "your issue is not appealable to the BOP. You must use the Grievance Procedures at your Facility." ECF No. 1 at 18.

On March 3, 2015, Petitioner requested a review of his IFRP repayment plan. ECF No. 12-1, Ex. H. On March 11, 2015, TCI Warden Craig Apker responded as follows:

> Records indicate the matter regarding your $3,300 felony assessment was appropriately addressed on the response to Administrative Remedy 201481–F1 dated September 5, 2014. However, you appear to be requesting a review of your $50.00 per month IFRP payment currently being made towards your felony assessment...Records indicate your next program review is currently scheduled for August 2015. [A]t that time staff will review your IFRP status as required by policy.

*Id.*, Ex. I.

Petitioner then filed the pending § 2241 petition, therein asserting that TCI employees lack authority to enforce the IFRP because they are not BOP employees. ECF No. 1.

It is indisputable that the BOP has the authority to enforce the IFRP at TCI, notwithstanding TCI's status as an independently operated facility. *See United States v. Lemoine*, 546 F.3d 1042, 1046 n.2 (9th Cir. 2008). The Court has distilled from the record that Petitioner's position is that he has the right to appeal TCI's decision to the BOP, that the BOP has essentially ignored his request for a review of his IFRP plan, that the BOP has indicated that Petitioner's only recourse is the grievance procedure at TCI, and that TCI staff are not BOP "staff" as contemplated by the relevant regulations. *See generally*

3

ECF No. 1. Following the adverse decision by TCI, Petitioner filed the instant § 2241 petition. *See id*. In light of the foregoing facts, the Court now requests that Respondent state his position on the issue of whether Petitioner has an avenue to appeal TCI's decision to BOP staff, as defined in 28 C.F.R. § 500.1(b). Pursuant to 28 C.F.R. § 545.10, BOP "staff" are charged with administering the IFRP. In his answer, Respondent should also indicate whether review of an inmate's IFRP is a "BOP issue" and provide legal and BOP authority to support the answer.

In addition, Respondent must state his position as to whether the BOP is obligated to review and decide such an appeal on its merits, and if so, in what manner, and pursuant to what BOP authority or contractual obligation.

Respondent must cite applicable legal authority in his brief, and file the brief within ten (10) court days of the date of this Order.

IT IS SO ORDERED.

Dated: **July 7, 2017**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE